IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHY WHITE | § | PLAINTIFF |
| | § | |
| v. | § Civil No. 1:17cv350-HSO-JCG | |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S [4] MOTION TO REMAND**

BEFORE THE COURT is the Motion to Remand [4] filed by Plaintiff Kathy White. This Motion is fully briefed. Having considered the Motion, the record, and relevant legal authority, the Court finds that Plaintiff's Motion to Remand [4] should be denied.

I. BACKGROUND

This dispute arises out of a vehicular crash which occurred on or about September 28, 2014, in Waveland, Mississippi. *See* Compl. [2] at 2. While the facts of the crash are not completely clear from the record, the incident apparently involved Plaintiff Kathy White ("Plaintiff") and another individual, Paul White. *Id.* at 2-3. Plaintiff alleges that the collision was the result of Paul White's negligence, and that she sustained "substantial personal injuries, medical expenses, severe pain and suffering, and mental anguish." *Id.* at 3.

Defendant Allstate Insurance Company ("Defendant" or "Allstate") tendered

-1-

policy limits of $25,000.00 to Plaintiff on behalf of its insured Paul White, but Plaintiff claims that this amount failed to adequately compensate her for the extensive injuries she suffered. She now seeks underinsured motorist coverage under her own underinsured insurance policy, which also happens to be issued by Allstate. *Id.* According to Plaintiff, Allstate has refused to pay her the benefits to which she is entitled without having a reasonable or arguable basis to deny her claim. *Id.*

On September 12, 2017, Plaintiff filed a Complaint in the Circuit Court of Hancock County, Mississippi, naming Allstate as the sole Defendant. Compl. [2] at 1. The Complaint advances claims for uninsured motorist coverage and bad faith failure to pay benefits. *Id.* Although Plaintiff has not demanded a specific sum of monetary damages in an *ad damnum* clause, the Complaint seeks damages "not limited to the amount of the uninsured coverage available under the applicable ALLSTATE policy, compensatory damages, interest and costs of suit and punitive damages." *Id.* at 4.

On December 15, 2017, Allstate removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 2. Plaintiff has filed the present Motion to Remand [4], contending that the amount-in-controversy requirement of § 1332 is not satisfied. Pl.'s Mot. [4] at 1-2. Defendant responds that, in light of the bad faith claim and request for an unspecified amount of punitive damages in the Complaint, the amount in controversy exceeds $75,000.00. Def.'s Resp. [6] at 1-2; Def.'s Mem. [7] at 3-7.

While a copy of the policy has not been submitted, the parties appear to agree that the amount of the underinsured motorist benefits available under the policy is limited to $25,000.00. Def.'s Resp. [6] at 1; Pl.'s Reply [9] at 3.

In support of Plaintiff's request to remand, she has submitted an Affidavit [8] with her Reply [9], in which she purportedly attempts to limit her ability to recover damages from Allstate. Aff. of Kathy White [8] at 1-2. Plaintiff "agree[s] to never seek damages from defendant in excess of $75,000.00, including costs, attorney fees and interest." *Id.* at 2. Plaintiff further "agree[s] to never seek to amend [her] complaint at a later time to seek damages in excess of $75,000.00." *Id.*

## II. DISCUSSION

A.  Relevant Legal Standards

"The burden is on the removing party to show that removal is proper." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co.*, 741 F.3d at 537 (quotation omitted).

28 U.S.C. § 1332(a)(1) provides that

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States . . . .

28 U.S.C. § 1332(a)(1). The parties do not dispute that they are of diverse citizenship; the pertinent question is whether the amount-in-controversy requirement is satisfied.

28 U.S.C. § 1446(c)(2) provides that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>   (i) nonmonetary relief; or
>   (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

The United States Supreme Court has interpreted § 1446(c)(2) to mean that if a defendant's amount-in-controversy allegation in the notice of removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Statin v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 545, 547-48 (5th Cir. 2014) (remanding case for limited purpose of receiving relevant evidence from both sides and determining whether amount in controversy exceeds $75,000.00 after plaintiff challenged the amount in controversy for the first time on appeal).

Jurisdictional facts, including the amount in controversy, are judged as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Toney v. State Farm Lloyds*, 661 F. App'x 287, 290 (5th Cir. 2016). When an insurance policy is at issue, under certain circumstances the policy limit will establish the amount in controversy. *See, e.g., Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). "[I]f an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy." *Id.* However, in ascertaining the amount in controversy, a court may also include punitive damages and other items for which an insurer could be liable under state law. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Toney*, 661 F. App'x at 290.

Under Mississippi law, "[a] punitive damages claim should be decided by a jury if 1) there was no arguable or legitimate basis for denying coverage, and 2) the insurance company acted with malice or gross and reckless disregard for the rights of the insured." *United States Fid. & Guar. Co. of Mississippi v. Martin*, 998 So. 2d 956, 970 (Miss. 2008). A plaintiff bears a heavy burden when seeking punitive damages, which are not to be imposed "simply because a mistake was made regarding coverage." *Id.* at 970-71.

"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."

*Gebbia*, 233 F.3d at 883. A court may consider a post-removal affidavit when the jurisdictional amount was ambiguous on the face of the state petition and the affidavit helps clarify the jurisdictional facts as of the time of removal. *St. Paul Reinsurance Co.*, 134 F.3d at 1254 n.18.

"Remand is warranted when a plaintiff submits a binding post-removal affidavit clarifying that the amount in controversy was not met as of the date of removal." *McNamee v. Alfa Mut. Gen. Ins. Co.*, No. 3:17-CV-496-DCB-LRA, 2018 WL 386763, at *1 (S.D. Miss. Jan. 11, 2018) (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)). District courts in the Fifth Circuit have held that "[a] post-removal affidavit is binding if, in it, the plaintiff renounces her ability to recover more than the jurisdictional minimum in state court." *Id.* (collecting cases). This generally means that the plaintiff avers that she will not accept more than the jurisdictional minimum. *Id.* (collecting cases).

B. <u>Analysis</u>

    1. <u>Plaintiff's Affidavit [8]</u>

In this case, Plaintiff filed a post-removal Affidavit [8] on January 24, 2018, the same day that she filed her Reply [9] in support of her Motion to Remand. Plaintiff has essentially raised a new argument for the first time in her Affidavit [8] and Reply [9], which is procedurally improper.

In addition, the Court is not persuaded that the Affidavit [8] constitutes "a binding post-removal affidavit clarifying that the amount in controversy was not met as of the date of removal." *McNamee*, 2018 WL 386763, at *1. Plaintiff does not attempt to elaborate on the amount in controversy at the time of removal, but instead appears to want to now limit her recovery post-removal because she "desire[s] to litigate this claim in the Circuit Court of Hancock County, Mississippi." Aff. of Kathy White [8] at 1. Plaintiff swears that she will never *seek* damages from Allstate in excess of $75,000.00, but she does not aver that she will never *accept* such damages in excess of the jurisdictional minimum. *See* Aff. of Kathy White [8] at 2. The Court cannot say that this is the type of binding clarification in an affidavit that would be sufficient to require remand in and of itself. *See, e.g., McNamee*, 2018 WL 386763, at *1. In short, the Court does not find Plaintiff's Affidavit [8] to be of any assistance in clarifying the amount of damages sought at the time of removal.

2. The Amount in Controversy at the Time of Removal

Plaintiff did not demand a specific amount of damages in her Complaint, but did seek damages "not limited to the amount of uninsured coverage available under the applicable ALLSTATE policy, compensatory damages, interest and costs of suit and punitive damages." Compl. [2] at 4. The parties agree that the applicable policy limit is $25,000.00, *see* Def.'s Resp. [6] at 1; Pl.'s Reply [9] at 3, and it is beyond dispute that the Complaint contains a demand for an unspecified amount of punitive damages, Compl. [2] at 3-4. Therefore, at the time of removal Plaintiff

sought damages "not limited to" the $25,000.00 policy limit plus an unspecified amount of punitive damages. *See id.* at 4.

The Complaint charges that Allstate lacked a reasonable or arguable basis to deny Plaintiff's claim and that its conduct "was deliberately undertaken, intentional, wanton, willful, and in reckless disregard of the rights and well-being of plaintiff . . . ." Compl. [2] at 3. The Complaint sets forth facts which, if proven, could justify an award of punitive damages under Mississippi law. An award of such damages in a "single digit ratio" to the requested $25,000.00 in compensatory damages could easily exceed the $75,000.00 jurisdictional minimum. *See generally, e.g., Gentiva Certified Healthcare Corp. v. Rayborn*, No. 5:14-CV-97-DCB-MTP, 2016 WL 164322, at *3 (S.D. Miss. Jan. 13, 2016) (holding that the requisite $75,000.00 jurisdictional amount compared to a potential $13,000.00 compensatory award is less than a 6 to 1 ratio, well within the "single digit ratio" which the Supreme Court suggests complies with due process) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)).

Based upon the foregoing, Allstate has carried its burden of demonstrating that the amount in controversy in this particular case exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The Court possessed subject-matter jurisdiction at the time of removal and will deny Plaintiff's Motion to Remand.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [4] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 16th day of May, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE